SLIP OPINION

Cite as 2014 Ark. 381

# SUPREME COURT OF ARKANSAS

No. CR-13-721

| | |
|---|---|
| RICHARD RALPH CONTE<br>APPELLANT | **Opinion Delivered** September 18, 2014 |
| V. | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. CR-11-1028] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE CHARLES E. CLAWSON, JR., JUDGE |
| | <u>REMANDED TO SETTLE AND SUPPLEMENT THE RECORD; REBRIEFING ORDERED</u>. |

## PER CURIAM

On January 22, 2013, appellant, Richard Ralph Conte, was convicted of two counts of capital murder as well as firearm enhancements and sentenced to two life sentences. On appeal, Conte presents the following points (1) the circuit court erred in denying Conte's motion to dismiss when it found that the State had a "satisfactory reason" for the nine-year delay before filing charges; (2) the circuit court erred in not granting Conte's motion for directed verdict; (3) the circuit court's grant of the State's motion in limine was a violation of Conte's right to present a "complete defense" under both federal and state constitutional guarantees of due process, confrontation, and compulsory process; (4) the circuit court abused its discretion in finding that a kidnapping committed by Conte was relevant under Rule 404(b) of the Arkansas Rules of Evidence; and (5) the circuit court abused its discretion when it overruled numerous objections, including objections that the introduction of the evidence

SLIP OPINION

was more prejudicial than probative.

We do not reach the merits of Conte's arguments, however, because his brief does not comply with Arkansas Supreme Court Rule 4–2(a)(8)(2014). Rule 4–2(a)(8)(A)(i) of the Rules of the Supreme Court of Arkansas provides that the addendum shall contain true and legible copies of the non-transcript documents in the record on appeal that are essential for this court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal, including exhibits such as CDs and DVDs. In his first point on appeal, Conte contends that the circuit court erred in denying his motion to dismiss. At the pretrial hearing regarding his motion to dismiss, Conte introduced a June 26, 2002, recorded statement of Conte in DVD format in support of his motion. The State also introduced the same recorded statement on DVD in its case-in-chief and played the DVD for the jury. However, Conte's addendum does not include the DVD. Rule 4–2(a)(8)(A)(i) requires that the addendum contain the DVDs if they are essential to our understanding of the case. The DVD is essential to the understanding of this case and to this court's ability to make a decision on the merits.

Further, in the absence of a proper waiver, Administrative Order No. 4(a) imposes a duty on the circuit court to require that a verbatim record be made of all proceedings pertaining to any contested matter before the court or the jury. Ark. Sup. Ct. Admin. Order No. 4(a) (2013). Here, there is no evidence of a waiver. Therefore, we remand this case to the circuit court to settle the record by requiring that a verbatim transcription be made of any audio recording that was played at trial. The record on appeal must be supplemented with the transcript of the audio material within thirty days of this opinion's date. Conte must then

SLIP OPINION

include, in his substituted brief, an abstract of the transcribed audio recordings.

Before filing a substituted brief, we strongly encourage Conte to review our rules to ensure that no additional deficiencies are present. After the record is settled and the supplemental record has been filed in this court, Conte will have fifteen days to file a substituted brief. Ark. Sup. Ct. R. 4-2(b)(3). The State may revise or substitute its brief within fifteen days of the filing of Conte's substituted brief, or it may rely on its previously filed brief.

Remanded to settle and supplement the record; rebriefing ordered.

*Benca & Benca*, by: *Patrick J. Benca*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.